219 A.2d 569.

JOHN RALPH PAQUETTE *vs.* HAROLD V. LANGLOIS, *Warden, Adult Correctional Institutions.*

MAY 24, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This petition for a writ of habeas corpus was brought by John Ralph Paquette, a juvenile within the meaning of G. L. 1956, chap. 10 of title 8, as amended. It sought to establish that he is being held unlawfully by the

respondent warden in whose custody the petitioner was committed by order of the district court of the tenth judicial district.

The travel of the case discloses that on September 28, 1965, petitioner, seventeen years of age and an escapee from the Rhode Island training school for boys, allegedly assaulted a female companion with a shotgun, inflicting serious injuries. On apprehension he was brought before the family court and a justice thereof waived jurisdiction as authorized by G. L. 1956, §14-1-7. He was then arraigned in the tenth judicial district court on a complaint and warrant charging him with "assault and battery upon the body of Lynne Whittaker with a dangerous weapon, to wit: a shotgun." The petitioner pleaded not guilty, and being unable to furnish bail was committed to the custody of the respondent pending trial.

Thereafter on Paquette's petition a writ of habeas corpus issued out of this court returnable February 16, 1966.

On petitioner's motion and without objection, the family court, the clerk of the tenth judicial district court, and the attorney general as counsel for said courts as well as respondent were cited as parties having an interest, and citation of the pendency of the cause was served on said courts as well as respondent. The clerk of the district court for the tenth judicial district has duly certified his records to this court.

The petition averred that G. L. 1956, §14-1-7, on the authority of which the family court had waived jurisdiction, was unconstitutional in that:

"(a) It sets forth no standard or criteria to be applied by said court in waiver proceedings;

"(b) It would vest the court with unlimited discretion in waiver proceedings;

"(c) It would vest the court with the legislative constitutional mandate to define or declare conduct as will or will not be criminal;

"(d) It would affect a group of citizens in a particular class and does not provide for the equal application to all citizens in that class."

After the cause had been assigned for hearing in this court and the briefs filed, the United States Supreme Court as reported in *Kent* v. *United States*, 86 S. Ct. 1045, set forth procedural standards to be followed by a court having comparable jurisdiction to that vested in the family court of this state when waiving jurisdiction of a juvenile pursuant to the provisions of §14-1-7.

Notwithstanding that petitioner had not challenged the validity of the proceedings which resulted in the waiving of the family court's jurisdiction by a justice thereof, this court sua sponte called for argument on that question by petitioner and the attorney general as counsel for respondent, the family court and the court of the tenth judicial district.

Thereafter on May 2, 1966, petitioner moved for leave to amend his petition so as to include therein the further ground that the proceedings held by the family court in waiving jurisdiction of petitioner constituted a denial of due process in that they failed to comply with the requirements laid down in *Kent* v. *United States, supra.* The attorney general joined therein and also joined in the prayer that on the petition as thus amended habeas corpus should be granted with relief afforded as follows:

"(1) The waiver of jurisdiction proceeding conducted in the premises by The Family Court of the State of Rhode Island may be declared invalid; and

"(2) The pending criminal action against the petitioner in the District Court For The Tenth Judicial District, being Criminal Action Numbered 117568, may be ordered to be quashed.

"(3) The present restraint and detention of the petitioner by Harold V. Langlois, Warden, Adult Correctional Institutions, may be declared illegal and invalid; and

"(4) The petitioner may be remanded to the jurisdiction of The Family Court of the State of Rhode Island to be dealt with in the manner provided by law in the premises."

After consideration of the petition as thus amended and the mutual concern of all parties, we are of the opinion that the relief prayed for should be granted in the manner and to the extent as prayed and it is so ordered.

The records certified are ordered returned to the district court of the tenth judicial district with our decision endorsed thereon.

*Matthew C. Cunningham, Daniel J. Garvey,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for respondent.